UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JARED LEE HAWKINS, | Case No.: 6:23-cv-01968-JR |
| Plaintiff, | |
| v. | ORDER |
| WELLPATH LIQUIDATING TRUST; JANE DOE; and KELLY DOE,[1] | |
| Defendants. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Jolie A. Russo issued Findings and Recommendations ("F&R") in this case on July 8, 2025, recommending that plaintiff Jared Lee Hawkins' motion to amend should be denied as to the proposed 42 U.S.C. § 1983 claim against Douglas County and granted in all other respects. On July 22, 2025, defendant Wellpath LLC filed objections to the F&R. On February 6, 2026, Judge Russo dismissed Wellpath LLC from the case pursuant to its ongoing bankruptcy proceedings and substituted nominal defendant Wellpath Liquidating Trust in its place. Now that the issue of Wellpath LLC's status in the case has been resolved, this Court addresses the outstanding F&R. For the reasons described below, the Court adopts the F&R in full, and grants in part and denies in part plaintiff's motion for leave to file a third amended complaint.

## LEGAL STANDARD

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). When a magistrate judge issues a findings and recommendation report, and a party files objections, "the court shall make a de novo

---

[1] As discussed in the following Order, nominal defendant Wellpath LLC was substituted for nominal defendant Wellpath Liquidating Trust on February 6, 2026. *See* Order of February 6, 2026, ECF 66.

determination of those portions of the report." *Id.*  No specific standard of review is required in the absence of objections.  *Thomas v. Arn*, 474 U.S. 140, 152-54 (1985).  However, the Advisory Committee notes to Federal Rule of Civil Procedure 72(b) recommend that unobjected to proposed findings and recommendations be reviewed for "clear error on the face of the record."  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment.

## DISCUSSION

The F&R concerns plaintiff's motion for leave to file a third amended complaint.  Plaintiff seeks amendment for three primary purposes: (1) to identify the Doe defendants by name; (2) to add Douglas County as a defendant to plaintiff's state law negligence claims; and (3) to add Douglas County as a defendant to plaintiff's Section 1983 claim. F&R, ECF 48, at 4.  The F&R recommends granting plaintiff's request as to identifying the Doe defendants and adding Douglas County as a defendant to the state law negligence claims but denying the request as to adding Douglas County as a defendant to the Section 1983 claim.  *Id.* at 10.

### A.    Review of the F&R

Wellpath LLC filed objections to the F&R, arguing that the statute of limitations bars plaintiff from amending to allege the Doe defendants' identities because claims against the now-named defendants cannot relate back to the second amended complaint.  Wellpath LLC Objs., ECF 50, at 2.  Wellpath LLC did not object to the portions of the F&R concerning Douglas County, and no other party filed objections.

Wellpath LLC has since been dismissed from the case.  *See* Order of February 6, 2026, ECF 66.  Typically, a party's dismissal would moot its outstanding objections.  *See Council of Ins. Agents & Brokers v. Molasky-Arman*, 522 F.3d 925, 933 (9th Cir. 2008) ("A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.  The basic question is whether there exists a present controversy as to which effective relief can be granted." (quoting *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007))).  Nonetheless, the Court's review of the F&R does not depend on the objections because district judges are permitted to sua sponte conduct further review "under a de novo or any other standard."  *Thomas*, 474 U.S. 140 at 154.  In light of that, and

recognizing that Wellpath's objections primarily concern the two individual defendants, the Court undertakes a de novo review of the objected-to portions of the F&R concerning the Doe defendants' identities and whether the claims against them relate back to the second amended complaint.

**B.      Relation Back**

It is undisputed that the claims against the individual defendants may only survive if they relate back to the second amended complaint. *See  Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2004).  It is also undisputed that the claims may only survive if they relate back under Oregon state law.  *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1199-1201 (9th Cir. 2014) (directing federal courts to use the "more permissive" of the federal and state standards (quotation marks and citations omitted)); *see also Boss v. City of Mesa*, 746 F. App'x 692, 695 (9th Cir. 2018) ("Replacing a 'John Doe' defendant with the actual name of a defendant is not a 'mistake' that allows relation back under [Federal Rule of Civil Procedure] 15(c)(1)(C).").  The only dispute is whether Oregon law allows plaintiff to relate his claims against the now-named defendants back to the claims he pleaded against the Doe defendants in his earlier complaint.  Courts within this District have split on this issue.

1.      *Relation Back Under Oregon Law*

a.      Relation Back to Mistaken Identities Under Oregon Law

Relation back under Oregon law is governed by Oregon Rule of Civil Procedure ("ORCP") 23C:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.  An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment.

Or. R. Civ. P. 23C.  As to the "mistake" requirement, Oregon courts distinguish between two "types of cases": one, cases where the plaintiff makes "a mistake in choosing *which* person or entity to sue—a 'misidentification'"; and two, cases where the plaintiff makes "a mistake in naming that person or entity, that is, an error in stating what the defendant is *called*—a 'misnomer.'"  *Worthington v. Est. of Davis*, 250

Or. App. 755, 760, 282 P.3d 895 (2012) (emphases in original).  The notice requirement applies only to misidentified defendants.  *Id.*

There exists a continuum between misidentification and misnomer.  At the misidentification end of the continuum, "the two parties are separate, distinct individuals, and it is readily apparent that substituting one for the other would change the party against whom the case is asserted."  *Lemus v. Potter*, 314 Or. App. 201, 207, 498 P.3d 1 (2021) (cleaned up).  At the misnomer end "are cases where the complaint is brought against the correct defendant, but the complaint misspells or misstates the defendant's name in some minor respect."  *Id.* at 207-08 (citations omitted).  To determine where on the continuum a given case lies, courts "look[] to other indicia in the complaint and summons to determine whether the complaint, read as a whole, identified the correct defendant."  *Id.* at 208.  "The greater the difference between the name set out in the complaint and the correct defendant's name, the more" courts look to these indicia.  *Id.*  Ultimately, the question is whether the defendant was the intended entity and "should reasonably have understood from the pleadings that it is the entity intended to be sued."  *Vergara v. Patel*, 305 Or. App. 288, 295-96, 471 P.3d 141 (2020) (quoting *Harmon v. Fred Meyer*, 146 Or. App. 295, 299-300, 933 P.2d 361 (1997)).

Some situations are clear: writing "Adrian Jones" instead of "Adrienne Jones" is a misnomer (assuming, of course, that they are in fact intended to be the same person).  Some are murkier: for example, the situation in *Vergara*, where the plaintiff misnamed the companies at issue.  *See id.* at 291-92.  There, the initial complaint alleged employment claims against "'Komal Patel, an individual, *dba* University Inn & Suites,' a factually incorrect statement."  *Id.* at 291.  Substantively, the complaint "asserted that 'Defendant' employed her 'as a housekeeper in Defendant's hotel' and that 'Defendant unlawfully discharged her.'"  *Id.* at 291-92 (brackets omitted).  The complaint did not otherwise mention the business entities by name.  *Id.* at 292.  The plaintiff served the complaint on Patel and, a month later, was told by the defendants' counsel that "'she believed the individual defendant, Komal Patel, had been incorrectly sued and that the entities, Jay Maharaj and Alko 100,'" were the correct entities.  *Id.* at 292.  The plaintiff then amended the complaint to name these entities and served it again on Patel as the entities' registered

agent. *Id.* at 292, 299. Considering the allegations, including the plaintiff's use of the "operative words . . . *dba* University Inns & Suites"; the summons; the nature of the employment claims; and the context, including the evidence that defendants' counsel had correctly identified the defendants based on the initial complaint, the court found in favor of the plaintiff. *Id.* at 297-99. Specifically, the court held that the plaintiff's error was a "misnomer" because "the allegations of plaintiff's original complaint were such that Patel should reasonably have understood that the intended defendant was the operator of the hotel that had fired plaintiff." *Id.* at 300. Additionally, "Patel was indisputably the central figure linking together the named defendants in the original complaint (herself) and amended complaint (business entities of which she was shareholder, managing member, and registered agent)." *Id.*

Another example of a less-than-clear situation arose in *Lemus*, a case in which the court ultimately found that the plaintiff's error was a misidentification. 314 Or. App. at 213. The complaint in *Lemus* "identified Gary Potter as the defendant," though Gary Potter was "a separate, distinct person from" the rightful defendant, Matthew Potter. *Id.* at 210. Although the caption also identified the defendant as "Gary Potter aka Matthew Donald Potter," the court held that this was not a misnomer because "Gary Potter and Matthew Potter . . . are not two names for a single defendant." *Id.* at 210-11. In reaching this decision, the court rejected the plaintiff's argument that it was enough "that Matthew should have known that the claim against Gary was really meant to be a claim against him." *Id.* at 212. Whether the rightful defendant should have known did not matter because "the person whom the plaintiff sued was a separate, distinct entity from the person whom the plaintiff should have sued." *Id.* "In those circumstances," the court "declined to look at the acts that give rise to the plaintiff's cause of action in determining whether the complaint identified the correct defendant." *Id.* Instead, the court explained that it was only where "the name used in the complaint reasonably could identify the correct defendant either because it was substantially similar to the correct defendant's name or because it was the name by which the business was popularly known" that the court had previously "looked to the attributes of the defendant alleged in the complaint . . . to confirm whether the complaint identified the correct defendant but misnamed it." *Id.* at 213.

b.    Relation Back to Doe Defendants Under Oregon Law

The situation here—the naming of a Doe defendant—is one of those murkier situations.  Murkier still because the parties have not provided, and this Court has been unable to find, any state court opinions addressing the specific question.  *See Glass v. Forster*, No. 1:18-cv-01859-MC, 2020 WL 3077868, at *10 (D. Or. June 10, 2020) ("Oregon courts have not decided whether the naming of a 'John Doe' defendant qualifies as a misnomer or a misidentification." (citing *Hagen v. Williams*, No. 6:14-cv-00165-MC, 2014 WL 6893708, at *7 (D. Or. Dec. 4, 2014))).  Judges within this District have split on how to address this question in the absence of state court guidance.  One band of cases has found that the naming of a Doe defendant is a de facto misidentification.  In these cases, the judges have then looked to the notice prong to determine whether the claims may relate back.  The other band of cases is less black-and-white.  In those cases, the judges have held that the naming of a Doe defendant can qualify either as a misidentification or a misnomer depending on the level of specificity used to describe the defendant in the timely complaint.  The Court explores both views further below.

First is the view that a Doe defendant invariability qualifies as misidentification under Oregon law.  This line of cases seemingly began with *Clavette v. Sweeney*, in which the court found that "[a] plaintiff's lack of knowledge regarding a defendant's identity is not a 'mistake' for purposes of Or. R. Civ. P. 23, subd. C."  132 F. Supp. 2d 864, 876 (D. Or. 2001).  Agreeing with *Clavette*, the court in *Hagen* later reasoned that the plaintiff "intentionally chose to name John Doe Defendants" and that the plaintiff therefore "did not make a mistake."  2014 WL 6893708, at *7.  Many cases have since cited *Hagen* with approval on the issue.  *See, e.g.*, *McKenzie v. Portland Police Div.*, No. 3:22-cv-01140-SB, 2023 WL 10354245, at *4 (D. Or. Sept. 1, 2023), *report and recommendation adopted*, No. 3:22-cv-1140-SB, 2024 WL 658865 (D. Or. Feb. 16, 2024); *Glass*, 2020 WL 3077868, at *10; *Strong v. City of Eugene*, No. 6:14-cv-01709-AA, 2015 WL 2401395, at *5 (D. Or. May 19, 2015), *aff'd*, 735 F. App'x 312 (9th Cir. 2018).

One of the most thorough analyses under this approach is in *Finicum*, where the court surveyed district court findings and related state law on the issue.  No. 2:18-cv-00160-SU, 2021 WL 3502462, at *6-8 (D. Or. Aug. 5, 2021).  The court looked primarily to *Harmon* for guidance, *see id.* at *7-9, a case in

which the Oregon Court of Appeals held that "if a plaintiff misnames, but serves, the correct entity . . . the entity served should reasonably understand from the complaint that it is the entity intended to be sued," and the plaintiff should be allowed to amend "to correct the misnomer," *Harmon*, 146 Or. App. at 302. The *Finicum* court reasoned that, under *Harmon*, a "correct defendant should reasonably have understood from the pleadings that it is the entity intended to be sued" and that a "John Doe defendant who is not served the original complaint will never understand from the pleadings, which he never received, that he is the person intended to be sued." *Finicum*, 2021 WL 3502462, at *8 (quotation marks and citation omitted). Ultimately, the *Finicum* court found that "[t]he inquiry, as described in *Harmon*, rests entirely on whether the correct defendant was *in fact* timely provided the pleadings, from which the defendant should have understood that he or she was the person intended to be sued." *Id.* (emphasis in original).

This view finds some limited support in an unpublished Ninth Circuit memorandum of disposition. In *Strong v. City of Eugene*, the Ninth Circuit affirmed the district court's finding that claims against the now-identified defendants did not relate back to the claims against the then-Does. 735 F. App'x 312, 314 (9th Cir. 2018) ("*Strong II*"). The district court cited *Hagen* and *Clavette* to state that the lack of knowledge as to a defendant's identity "is not a 'mistake.'" *Strong v. City of Eugene*, No. 6:14-cv-01709-AA, 2015 WL 2401395, at *5 (D. Or. May 19, 2015) ("*Strong I*") (quoting *Clavette*, 132 F. Supp. 2d at 876). The Ninth Circuit affirmed, but it did not recite that same language. Instead, the Ninth Circuit focused on another portion of the district court's analysis that stated that the claim "fails under Oregon law for the same reasons it fails under federal law. Namely, [the] defendants did not receive adequate notice." *Id.*; *see Strong II*, 735 F. App'x at 314. In its affirming opinion, the Ninth Circuit stated that "because [the appellants] failed to show the proposed defendants received notice, the substitution of the proposed defendants' proper names does not relate back under Oregon Rule of Civil Procedure 23C." *Strong II*, 735 F. App'x at 314. The Ninth Circuit thus agreed that the Doe defendants in that case were misidentified, since their relation back depended on notice. However, it is not clear that the Ninth Circuit agreed that the usage of a Doe defendant *always* qualifies as misidentification. This case may tip slightly in favor of the always-misidentification view, but it is far from definitive.

As to the "it depends" view, several judges within this District have looked to the specific allegations in the timely complaint to decide whether the use of a Doe defendant in the given action is a misidentification or a misnomer. For example, in *Roe v. City of Portland*, the court reasoned that the use of a Doe defendant was a misnomer because the plaintiff "alleged sufficiently specific facts surrounding the [causes of action] by the Doe Defendants to put them on constructive notice that they were the intended defendants in this action." No. 3:22-cv-01193-SB, 2024 WL 3888705, at *7 (D. Or. Aug. 19, 2024). The timely complaint in *Roe* identified the Doe defendants as police officers who jumped on plaintiff and struck him with their batons. *Id.* Amendment was similarly allowed in *Korbe v. Hilton Hotels Corporation*, where the court found the defendant "would have understood that he was the intended defendant, notwithstanding the fact that the complaint identified him as John Doe" and that the Doe naming thus qualified as a misnomer. Civ. No. 08-1309-PK, 2009 WL 723348, at *2 (D. Or. Mar. 13, 2009). Other courts have followed this reasoning but found misidentifications because the pleadings were insufficiently specific. *See, e.g.*, *Manns v. Lincoln County*, No. 6:17-cv-01120-MK, 2018 WL 7078672, at *5 (D. Or. Dec. 12, 2018) (finding the timely "complaint fail[ed] to describe any Doe defendants with sufficient specificity such that [the defendant] would have understood that he was indeed the defendant, notwithstanding the 'Doe' designation"), *report and recommendation adopted*, No. 6:17-cv-01120-MK, 2019 WL 267708 (D. Or. Jan. 17, 2019); *Sarnowski v. Peters*, No. 2:16-CV-00176-SU, 2016 WL 10705318, at *4 (D. Or. Sept. 8, 2016) (declining to subscribe to either viewpoint because "[t]he original complaint [did] not describe the Doe defendants with any identifiable detail."); *Fudge v. Bennett*, No. 2:19-cv-01102-SB, 2021 WL 1414279, at *4 (D. Or. Jan. 5, 2021) ("This is not an example of a misnomer as in *Korbe*, because [the plaintiff] did not plead sufficient details about the forty-one Doe defendants to put the proposed defendants on notice that they were the intended defendants."), *report and recommendation adopted*, No. 2:19-cv-01102-SB, 2021 WL 1414209 (D. Or. Apr. 13, 2021).

The F&R falls on the "it depends" side of the divide. This Court does as well. Many of the "automatic misidentification" cases rely on the finding in *Clavette* that a "lack of knowledge regarding a defendant's identity is not a 'mistake' for purposes of Or. R. Civ. P. 23." 132 F. Supp. 2d at 876. But that

finding seems contradicted by *Vergara*, where the plaintiff had a lack of knowledge regarding the defendants' identities as corporate entities but was still deemed to have made a misnomer "because the business entities should reasonably have understood from the original complaint that they were the intended defendants." 305 Or. App. at 290. *Lemus* does suggest that *Vergara*'s holding is somewhat limited—potentially even to employer-employee relationships. *See Lemus*, 314 Or. App. at 212-13 ("[W]e have asked whether the allegations in the complaint described the plaintiff's employer when the plaintiff brought an employment action against an entity's assumed business name rather than the registrant."). But this Court does not read *Lemus* and *Vergara* together to mean the use of a Doe defendant invariably qualifies as a mistake. As the Court understands it, *Lemus* and *Vergara* lay out a two-step test. First, the Court asks whether the mistakenly named defendant is a separate and distinct entity from the proper defendant. If so, then the situation is one of misidentification and notice is needed. If not, the Court asks whether the proper defendant should reasonably have understood whether they were the intended defendant, based on the caption and allegations in the timely complaint, the summons, and the surrounding context. If so, then the claims relate back. If not, then they do not.

2.    *Plaintiff's Claims Relate Back to the Second Amended Complaint*

Applying these standards to the facts here, this Court agrees with the F&R's conclusion that plaintiff's naming of Doe defendants qualifies as a misnomer and that his claims therefore relate back to his second amended complaint.

The first question is simple. The Doe defendants are not separate and distinct identities from the now-named Carol Lockwood and Keli Kitto. The first step of the test is clearly met.

The second question is trickier. Its answer depends on the caption and allegations in the second amended complaint, the associated summons, and the surrounding context. First, the caption offers little help: it names Wellpath LLC, Jane Doe, and Kelly Doe as defendants. *See* 2d Am. Compl., ECF 13. "Kelly Doe" is indeed more specific than merely naming "Jane Doe," as plaintiff does for the other defendant. But Kelly is still a common first name—and a misspelling of the defendant's actual name—so the insight gained from its inclusion depends on whether this Keli should have known she was *the* Kelly Doe based

on the other factors. Jane Doe is, of course, not specific at all. Bearing in mind that "the caption of a complaint is not dispositive," *Vargara*, 305 Or. App. at 288 (cleaned up), the caption here offers little insight into the Doe defendants' proper identities or even their relationship to Wellpath LLC. Accordingly, the caption points towards misidentification.

Second, the allegations against Jane and Kelly Doe are detailed. Plaintiff describes Jane Doe as a dentist "employed by Wellpath to provide dental services at the Douglas County Jail" who extracted plaintiff's tooth on August 5, 2022 and "severed [plaintiff's] nerve when her drill slipped during the extraction." *Id.* ¶¶ 6, 9, 14-15. Plaintiff also includes a photo of Jane Doe's "Dentist Signature" that he pulled from his medical records. *Id.* ¶ 6. As to Kelly Doe, plaintiff alleges that she is "an individual employed by Wellpath to deliver health care to prisoners at Douglas County Jail" and that she "was responsible for arranging for Plaintiff to consult with an oral surgeon but failed to do so." *Id.* ¶ 7. He alleges that chart notes from the outside provider stated they had "fax'd chart notes to Kelly @ jail so she can get pt scheduled with oral surgeon." *Id.* ¶ 21. He also alleges that he sent a "Healthcare Request" to Wellpath on September 6, 2022, stating that he "would like Kelly to come speak with [him]" and that Kelly Doe responded that same day, stating:

> I will try to make time to do that today. I got notes from the dental visit to schedule a visit with an oral surgeon. We are in the process of scheduling that. I was informed you want to pursue a malpractice suit. That is 100% your prerogative. You will need to contact your lawyer about anything regarding that going forward.

*Id.* ¶¶ 22-23. Those allegations are quite specific—presumably, Lockwood should recognize her own signature and have records of the procedures she performed. While there is no comparable signature for Kitto, plaintiff alleges specific details about their written communications. Notably, he also alleges through those communications that Kelly Doe knew that she was the "Kelly @ jail" he requested to speak with and that she knew he intended to sue for malpractice. That is a far cry from the vague allegations that have been found insufficient in previous cases. *See, e.g.*, *Sarnowski*, 2016 WL 10705318, at *5 ("The original complaint does not describe the Doe defendants with any identifiable detail. In fact, the original complaint describes them only as employees of [the prison] and provides no further information as to their roles or

alleged conduct."); *Manns*, 2018 WL 7078672, at *1 (noting the complaint alleged that "Jane and John Does '1 through 20 [were] corrections deputies, supervisors, doctors, nurses, medical staff, administrative staff, and/or other agents or employees of Lincoln County Jail, who were acting under color of law at all material times.'" (alteration in original)).  Even the cases that found misnomers frequently relied on sparser allegations.  *See, e.g.*, *Roe*, 2024 WL 3888705, at *2 (describing allegations that three Doe defendants grabbed, beat, punched, and threw the plaintiff to the ground on a specific date); *Korbe*, 2009 WL 723348, at *1 ("The complaint also named a John Doe defendant who was described as the individual operating the vacuum cleaner on the day of the incident.").  The allegations point strongly in favor of misnomer.

Third, the summons is relatively vague.  Like the caption, it too names Wellpath LLC, Jane Doe, and Kelly Doe.  Summons, ECF 15.  It states only that it was served upon Wellpath LLC via Wellpath LLC's agent of service.  *Id.*  Service only upon Wellpath suggests a relationship between the company and the Doe defendants, but the nature of the relationship, if any, is unclear from the summons.  The summons tilts towards misidentification.

Last is context.  On one hand, the context is less clear than in *Vergara*; this is not an employment suit where the ex-employee is clearly trying to sue their ex-employer.  *Cf.* 305 Or. App. at 297 ("[V]iewing the complaint in its entirety, it is implicit that the intended defendant of plaintiff's employment action was the entity doing business as the hotel from which she was fired.").  And, unlike *Vergara*, there are no allegations about an underlying administrative complaint putting the defendants on notice.  *Cf. id.* at 298 (noting that the allegations in the complaint were similar to allegations made in an underlying labor complaint).  On the other hand, this is a medical malpractice suit where the patient is clearly intending to sue his providers.  And the plaintiff here is an adult in custody who presumably has limited, controlled access to said providers.  Additionally, Kelly Doe allegedly knew that plaintiff intended to sue for malpractice and knew that she was the Kelly that plaintiff intended to reach.  Taken together, the context here points in favor of misnomer.

Considering the caption, allegations, summons, and context, Lockwood and Kitto "should reasonably have understood from the pleadings" that they were the intended defendants.  *Vergara*, 305 Or.

App. at 296 (quotation marks and citation omitted).  The second amended complaint contains a picture of Lockwood's signature and indicates that Kitto knew that she was the "Kelly" plaintiff sought when discussing his intent to file a malpractice suit.  Both are described with great detail, and the complaint was served upon their employer, who plaintiff also named for the same course of conduct.  Because the Doe defendants and the now-identified defendants are one-in-the-same, and because "the allegations of plaintiff's [second amended] complaint were such that [Lockwood and Kitto] should reasonably have understood" that they, as plaintiff's medical providers, were the "intended" defendants to his malpractice suit, plaintiff's third amended complaint merely corrects a misnomer.  *Vergara*, 305 Or. App. at 290. Accordingly, plaintiff's claims against the now-named individual defendants relate back to his second amended complaint and amendment is not futile.

**C.     Claims Against Douglas County**

No party filed objections to the portions of the F&R addressing the negligence and Section 1983 claims against Douglas County.  As such, the Court need only confirm that there is no clear error on the face of the record with respect to these portions.  *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Campbell v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.").  The Court is satisfied that there is no clear error on the face of the record here.

**CONCLUSION**

Having undertaken a de novo review of the objected-to portions of the F&R and underlying filings, as well as a review for clear error of the unobjected-to portions of the F&R, the Court ADOPTS IN FULL the F&R, ECF 48. Plaintiff's motion for leave to file a third amended complaint, ECF 27, is GRANTED in part and DENIED in part as discussed above. If plaintiffs wish to file an amended complaint correcting the deficiencies identified in this Order, they must do so within thirty (30) days.

IT IS SO ORDERED.

DATED this 27th day of February, 2026.

Adrienne Nelson
United States District Judge